ALMIRA CUCK, APPELLANT, *v.* MILTON QUACKENBUSH, AS EXECUTOR OF DAVID QUACKENBUSH, DECEASED, RESPONDENT.

*Services rendered by married woman — husband must maintain action for — Mutual account — proof of.*

This action was brought by the plaintiff, a daughter of David Quackenbush, deceased, against his executor, to recover for services rendered by her in attending upon her father during his last illness, she being then married and living with her husband. *Held,* that the husband, and not the plaintiff, was the proper person to bring the action.

She also claimed to recover for services rendered before her marriage, to which the statute of limitations was pleaded. To remove the bar of the statute, she proved an account in which she had charged her father with the services and credited him with various amounts, the credits being for such articles as a father would naturally give to a daughter living with him, although of age. No account was kept by her father. *Held,* that the simple presentation of an account containing such credits to the executor was not sufficient; that an account of her father against her should be regularly proved, in order to have the effect of taking the case out of the statute.

APPEAL from a judgment in favor of defendant, entered upon the report of a referee.

*Bundy & Scramling*, for the appellant.

*S. S. Burnside* and *J. H. Keyes*, for the respondent.

OSBORN, J. :

The plaintiff, who is a daughter of David Quackenbush, presented a claim against his estate, to the defendant, the executor, and claimed there was due to her thereon for principal and interest nearly the sum of $3,000; with the exception of a few dollars, this amount was made up as follows : For her services in working for her father and in his family for twelve years, from 1850 to 1862, after she attained her majority and before her marriage ; also for some forty days' service after her marriage in attending upon her father in his last illness, this last service rendered in 1873. The executor rejected the claim and it was by consent duly referred by the surrogate of Otsego county, to Hon. Edwin Countryman, as sole referee to hear and determine the same. As to any claim for services rendered by plaintiff before her marriage, the learned referee held that the same was barred by the statute of limitations, while as to the claim for services rendered after her marriage, she could not recover for the reason that such claim belongs to her husband and that he only could maintain the action for that, and as a conclusion of law that defendant was entitled to judgment. Judgment was entered and plaintiff appealed therefrom to this court.

The plaintiff insists that the referee erred in holding that the statute of limitations attached to any portion of the demand in question, for the reason that there was an open, mutual and subsisting account between the parties through all these years, for articles furnished to her by her father, and also for $500 paid by him to her in 1870, on account of this labor.

As to the money paid, it would seem to be entirely clear that the claim that it was paid on account of this work, or that it can be regarded as a charge tending to establish an open account, is entirely unwarranted. A receipt for such money was given back, signed by the plaintiff and her husband, and speaks of it as money advanced

by him, deceased, to apply to her portion of his estate, as an heir at law. It had no reference to any account or demand she had. It was a simple advancement, or in the nature of an advancement. After the plaintiff attained her majority, she lived with her father and in his family as before, and was treated as before; the residue of the account claimed by way of credits seems to be for clothing and so forth, just such articles as a parent would naturally furnish to a daughter living with him, although over age. It is not pretended that the deceased ever kept any account against his daughter. It is one presented by the plaintiff, with the evident purpose of avoiding the statute of limitations. But the pretended account was not proved. The account as presented to the executor contained these credits. This was offered in evidence and rejected. If plaintiff desired to prove any account of her father against her, so as to show an open, mutual, subsisting account, she was certainly obliged to make proof of it in the ordinary way of proving an account. Simply crediting him on her account with articles furnished would not answer, when she was the one trying to establish the credit. In the case of a promissory note, outlawed except for an indorsement of payment, such payment must be proved. Not so where it is not necessary to rely on the payment to keep the note alive. So in this case. Her claim was barred unless deceased had an open account against her. Can she prove it by simply offering a paper of her own production on which she has given such credits? It seems to me clearly not. There was then no proof before the referee, of any account on behalf of the father against the plaintiff, and the proof offered was clearly incompetent and properly rejected. This being so, the referee committed no error in his refusal to find as requested.

As to the claim for services rendered after her marriage I see no reason for not following the decision of *Beau* v. *Kiah* (4 Hun, 171), holding that for such services the husband must bring the action. (See also *Birkbeck* v. *Ackroyd*, 11 Hun, 365; N. Y. Weekly Digest, 4th vol., 576.)

The fact that the executor was willing or offered to pay plaintiff thirty-five dollars on her claim as presented for services, etc., and in payment thereof, does not change the legal rights of these parties. She did not accept it. He may have thought she was entitled to

recover for her services rendered after her marriage and in her own name. But this does not make it so; or he may have thought it advisable to pay something, rather than involve his estate in litigation. It is enough to say that plaintiff refused to accept this sum, and the parties now stand precisely as though no such offer had been made.

I have looked at this case with care — have examined the evidence and the authorities cited — and am unable to see that any error has been committed by the referee in his conclusions of fact or law.

The judgment appealed from must, therefore, be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.